UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JUL 1 2 2005
CLERK

| | |
|---|---|
| JESSE BROWN, | CIV. 05-5025-RHB |
| | CR. 91-50061-RHB |
| PETITIONER, | |
| VS. | MEMORANDUM OPINION |
| | AND ORDER |
| UNITED STATES OF AMERICA, | |
| RESPONDENT. | |

## I.   Introduction

On February 6, 1992, a jury found petitioner Jesse Brown guilty of one count of aggravated sexual abuse of a person under twelve years of age and one count of abusive sexual contact with a person under twelve years of age. Brown was ultimately sentenced to 235 months imprisonment. The judgment was affirmed by the Eighth Circuit Court of Appeals on March 15, 1994. See United States v. Brown, 18 F.3d 1424 (8th Cir. 1994). On April 28, 2005, Brown filed an application for relief under 28 U.S.C. § 2255 seeking a new trial. Brown asserts that his counsel provided ineffective assistance and that newly discovered evidence reveals that he was wrongly convicted of the aggravated sexual abuse charge.

### A.   Factual Background

Brown's convictions resulted from events that took place on the Pine Ridge Indian Reservation on July 4, 1991.[1] After attending a softball game, Brown, several adults, and the

---

[1] The underlying events supporting Brown's conviction are set out in United States v. Brown, 990 F.2d 397 (8th Cir. 1993), which addressed Brown's appeal from his conviction. Those facts shall be summarized for purposes of Brown's present motion.

victims, two young girls, returned to Pine Ridge in a car. Brown sat in the back seat with the young girls on his lap, one on each knee. Three days later the girls and their mothers lodged a complaint alleging Brown had touched the girls between their legs on the drive back to Pine Ridge. Upon receipt of this information, FBI Special Agent Rick Esselbach and Criminal Investigator Barney White Face went to speak with Brown. When the agents confronted Brown he denied having sexual contact with the two girls. Brown then said "that he may have unintentionally touched the vagina of one of the girls while attempting to make himself comfortable in the cramped back seat of the car." Brown, 990 F.2d at 398. Finally, Brown admitted that his actions were intentional and "confessed that he had reached down the girl's pants with his left hand, had rubbed her vagina area for about two minutes, and had slipped one of his fingers insider her vagina." Id.

## II.     Discussion

Although not addressed in petitioner's 102-page brief, a compelling issue this Court must resolve is whether Brown's petition can circumvent § 2255's one-year limitation. "A challenge to a federal conviction . . . is most appropriately brought as a motion under 28 U.S.C. § 2255." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). "Section 2255 contains a one-year time limit for filing motions under that section." Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999). "This provision became effective April 24, 1996, with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220." Id. That section states in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6. "Federal defendants whose convictions became final before the enactment of the AEDPA have been given a one-year grace period from its effective date to file their § 2255 motions." Moore, 173 F.3d at 1133. "April 24, 1997, is the final date for filing a motion within § 2255's one-year grace period." Id. at 1135.

### A.    Ineffective Assistance of Counsel

Brown's conviction was finalized prior to enactment of the AEDPA. Therefore, he had until April 24, 1997, to file a motion under § 2255. Brown did not file his motion until April 28, 2005, over eight years out of time. This tardiness precludes review of Brown's primary claim (to which he devotes approximately 86 pages) that his trial counsel provided ineffective assistance. Thus, the Court must determine whether the alleged newly discovered evidence can provide Brown relief under § 2255.

### B.    Newly Discovered Evidence

Brown argues newly discovered evidence warrants a new trial on his conviction under Count I: Aggravated sexual abuse of a child under twelve years of age. (Mem. Law Supp. Relief Under 28 U.S.C. § 2255 at 97-101.) Petitioner claims that JLR, the victim that he had penetrated, acknowledged in an interview after she turned 18 years old that she was only

"touched" and not penetrated. Brown concludes that this information, had it been presented to the jury, probably would have resulted in an acquittal.

Similar to Brown's ineffective assistance of counsel claim, this claim is also time-barred by the one-year period of limitation set forth by § 2255 ¶ 6(4). That subsection states a petitioner may file a § 2255 claim within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The interview of JLR was conducted on August 12, 2001, which would give petitioner until August 13, 2002, to file a § 2255 motion. Brown did not file his motion until May 6, 2005. Nor did he discuss why the one-year limitation period should not apply.

Further, even if Brown's petition were deemed timely the Court finds that JLR's statements in the interview after she turned 18 are merely cumulative and impeaching, immaterial, and the statements would not likely produce an acquittal if a new trial is granted. See English v. United States, 998 F.2d 609, 611 (8th Cir. 1993). Summarizing, JLR stated that:

> **JLR:** . . . we got in the car, there was enough room on the seat but he [Brown] pulled me down on his lap and then my cousin [] [LIC] was getting in and he pulled her on his lap.
> **Investigator:** Ok.
> **JLR:** And he was holding us real tight. It's, it's like we said, we didn't want to say anything, well, I didn't want to say anything. I don't know what [] [LIC's] saying now but[.]
> **Investigator:** Did he actually place his hand inside your spandex pants then?
> **JLR:** Um (Unknown)
> **Investigator:** (Unknown)
> **JLR:** I don't know. He might not of [sic], but it, I felt it.
> **Investigator:** Ok, so he might of [sic] touched you outside your pants.
> **JLR:** Yeah, but, I felt it.
> . . . .
> **JLR:** I, I remember my cousin [] kept, she kept elbowing him like that, telling him to quit.
> **Investigator:** Ok, so, it, it's possible then that if he did touch you, then he touched you from the outside?

4

| | |
|---|---|
| **JLR:** | Yeah, it's possible. |
| | . . . . |
| **Investigator:** | Now, when you were interviewed by Barney Whiteface, right at the end, he say[s] that, he put his finger inside you, was that Barney's words there? |
| **JLR:** | "Unknown" I don't know.  Like I said, I felt it.  It could of [sic] been on the inside, I mean outside of my pants or the inside but[.] |
| **Investigator:** | Ok, but you weren't sure though. |
| **JLR:** | "Unknown" |
| **Investigator**: | So, when Barney, but the, the, the[.] |
| **JLR:** | I don't really remember that Barney Whiteface at all. (Laughs) |
| | . . . . |
| **Investigator:** | . . . where it says that he stuck his finger inside you, that could of [sic] been from, um, uh, the investigator. |
| **JLR:** | Maybe. |

Contrary to petitioner's assertion, JLR did not state "that she was only touched and not penetrated." Rather, the transcript from JLR's interview reveals that 10 years after she was sexually assaulted by Brown her memory is not absolute. Petitioner's proffered "new evidence" is not likely to produce an acquittal if a new trial is granted. In making this conclusion the Court has reviewed the testimony JLR gave at trial and finds it supports Brown's conviction. The Court also reviewed the trial testimony of Rick Esselbach, the FBI agent who interviewed Brown. The Court finds that Brown's admission to Esselbach that he "slipped one of his fingers insider her vagina" is a compelling piece of evidence which further supports his conviction. Therefore, Brown's motion for a new trial based on newly discovered evidence is denied.

### III.  Conclusion

Brown's petition is procedurally barred because it was filed outside the one-year limitations period. Brown's petition is substantively barred because it fails to provide the

Court with facts that would warrant a new trial. Therefore, Brown's petition must be denied. Accordingly, it is hereby

ORDERED that petitioner's motion for relief under 28 U.S.C. § 2255 (Docket #1) is denied.

Dated this 11 day of July, 2005.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE